## SUPREME COURT.

NANCY C. BURRITT agt. LORINDA SILLIMAN and others.

The supreme court has no power, either at special term or on appeal at general term, to *allow extra costs (Code,* § 309,) on the trial of a *feigned issue,* made up to try the questions of the *validity or execution of will,* under the provisions of the Revised Statutes.

A *new trial* of such issue might be granted by the supreme court; but no discretionary power exists in the court to award extra costs, or in fact *any costs at all* for making up such issue and its trial. Cases of this kind are not affected by the Code, they are governed by a special statutory provision.

*Third District General Term, September,* 1861.

APPEAL from an order of special term granting extra allowance of costs. The facts appear fully in the opinion.

JOHN L. FLAGG, *for plaintiff.*
J. A. MILLARD, *for defendants.*

By the court, WRIGHT, Justice. The surrogate of the county of Rensselaer having made a decree refusing to admit the will of Abigail Clapp to probate, Mrs. Burritt appealed therefrom to this court. The supreme court, at general term, reversed the decision of the surrogate upon a question of fact, and directed an issue to be made up to try the questions arising upon the application to prove the will. The questions made by the feigned issue were tried at a circuit court held in the county of Rensselaer, in February, 1861,

and the determination was in favor of the validity of
the will. At the succeeding May general term of this
court, its direction was asked in respect to the costs
which had accrued, not only of the last appeal but of a
former appeal, which had been taken to the court of ap-
peals. An order was made and entered that the costs of
the plaintiff arising on the last appeal from the decision of
the surrogate, and also ten dollars costs of the motion, be
allowed to her, and be paid out of the personal estate of
the testatrix. This order has not been appealed from, and
the question of the power to make it is not open for discus-
sion in this court, collaterally or otherwise.

It appears that at the trial of the issue as to the validity
of the will, and after the rendition of the verdict of the
jury sustaining it, an application was made to the court at
special term for an extra allowance of costs. The applica-
tion was considered as made at the conclusion of the trial
to be heard at some future time; and it was heard on the
15th July following—the attorneys for and against the
application appearing before the judge upon notice. An
order was made and entered that the plaintiff have six hun-
dred dollars costs as an extra allowance. The present appeal
is from this order.

The order would not be appealable if this court had
power to make it. Any power in the premises is supposed
to be conferred by the concluding clause of the 309th sec-
tion of the Code, which provides, that " in difficult and
extraordinary cases, when a trial has been had, except in
any of the actions or proceedings specified in section 308,
the court may also, in its discretion, make a further allow-
ance to any party, not exceeding five per cent., upon the
amount of the recovery or claim or subject matter involved."
(*Code*, § 309, *amended in* 1859.)

The exercise of power under this provision is a discre-
tionary one, from which there would be no appeal, unless
possibly in a case of palpable abuse of the discretion. But

Burritt agt. Silliman.

I am of the opinion that there was no power in the court to make the order. This was not an action or proceeding under the Code, in which a trial had been had, but an appeal from a decree of a surrogate's court, not affected in any way, but in terms excepted from the operations of the Code.

The appeal was taken pursuant to the provisions of the Revised Statutes, and the feigned issue directed to be made up and tried in the same manner as issues awarded by the court of chancery. Any power to impose costs must have been conferred by statute, or existed in the court, independent of the Code of Procedure. The costs and expenses of making up an issue in a case like this, and of the trial thereon, and all subsequent costs therein, are charged by statute on the party appealing in case of his failure to impeach the validity or execution of the will, to be collected in a suit on the bond directed to be given on filing the appeal; and if the appellant succeeded in impeaching the validity or execution of the will, the party maintaining such validity or execution might be required by the surrogate to pay the costs and expenses of the proceedings, either personally or out of the property of the deceased, such payment to be enforced by process of attachment. (3 *R. S.*, 5*th ed.*, *p.* 150, §§ 71, 72, 73, 74, 75, 76, 77, 78.) These costs and expenses were not those fixed by the Code and given to the prevailing party, but were to be taxed according to the fee bill, as it existed before and apart from the Code. There was no power in the court of chancery or in the supreme court, in their discretion, to make an additional allowance of costs to those given by statute. When a feigned issue had been made up to try the questions of the validity or execution of a will, under the provisions of the Revised Statutes, a new trial of such issue might be granted by the supreme court; but no discretionary power existed in the court to award extra costs, or in fact any costs at all, for making up such issue and its trial. In this case, all that the court

assumed to do at the May term, was to order the costs of the last appeal from the decision of the surrogate, to be paid out of the personal estate of the testatrix. No direction was given or order made in respect to the costs and expenses of the feigned issues ; and most clearly if the order had embraced both the costs of the appeal and the feigned issue, and there was any power to allow additional costs beyond those fixed by law, that power could only be exercised by the court to which the appeal was taken. The discretion could not be exercised by the special term or circuit court, that never had jurisdiction of the case. But the appellate court would be equally without authority to make the order appealed from. It is not pretended that there is any power given except by the Code, and that enactment does not touch or relate to a case arising in a surrogate's court. The Code especially provides that appeals of this character shall not be affected by it, (*Code*, § 471,) and such appeals are wholly without its purview. Its provisions in respect to costs control only actions or proceedings under it. It establishes a new system in regard to costs in actions or appeals affected by it. Costs are given to the prevailing party by way of indemnity for expenses in the action. In cases where costs are allowed, the amounts are fixed ; and then follows the provisions giving the power to the court, in its discretion, to make a further allowance of costs in difficult and extraordinary cases, when a trial has been had, (*Code*, § 303 *to* 309.) This, of course, means in a civil action or proceeding brought under, and affected by, the Code, and when a trial has been had. The circuit court never had cognizance of the present case, except to try certain issues involved, and that not in pursuance of any authority derived from the Code, but from the direction of the supreme court, deriving its authority from a special statutory provision. The special term never had any cognizance of it. The case is to be regarded as in the supreme court until the verdict in

the feigned issue is received and remitted to the surrogate for his action.

I am clearly of the opinion that the special term was not authorized to make the order, and that it should be reversed.

GOULD, J., and HOGEBOOM, J., concurred.