Gilbert, J.
This is a motion for a further allowance of costs under section 309 of the Code. The cause was brought into this court on an appeal from the decree of the surrogate of Richmond County, admitting the will in controversy to probate. This court affirmed the decree, and that judgment *443 was affirmed by the Court of Appeals with a modification, that “ all the costs of this action to either party therein, be paid out of the funds of the estate to be adjusted,” It is not asserted, that it is not a case in which a liberal allowance should be granted if authorized by the Code. But the respondents insist, that the court has no power to grant any extra allowance. It was so held by the general term in the Third District in the case of Bennett v. Silliman (24 How. Pr., 337). As sections 318 and 471 of the Code then stood, appeals from surrogate’s courts were excluded from the provisions of the Code relative to costs. But in 1862, section 318 was amended by introducing the words “ including appeals from surrogate’s courts ” and into section 471, after the words “ surrogate’s courts,” the words “ except that the costs on such appeal shall be regulated and allowed in the same manner provided by section 318.” These amendments have rendered the decison in Bennett vs. Silliman inapplicable. The effect of them was to make appeals from surrogate’s courts, for all purposes of costs, actions at issue on a question of law (§ 318) and to render the provisions of the Code on the subjects of cost's applicable to such appeals. (§ 471.)
When this case was brought into this court, therefore, it became for all purposes of this question, an action at issue on a question of law. The determination of that appeal, was a trial. (Code, § 252.) By section 309 of the Code, the court is authorized to make a further allowance, in its discretion, to any party in a difficult and extraordinary case where a trial has been had, not exceeding five per cent, upon the amount of the subject matter involved. This was undoubtedly such a case. The amount involved was upwards of $80,000. A trial was had in it.
It follows, therefore, that the application is within the provisions of the Code, and the parties have a legal right to call for an exercise of the discretion thus vested in the court.
The motion is granted.